UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ERAN HIYA,<br><br>Defendant. | 24-CR-0282 (JAV)<br><br>ORDER |

JEANNETTE A. VARGAS, United States District Judge:

Defendant Eran Hiya ("Defendant") moves pursuant to Federal Rule of Criminal Procedure 41(g) for the return of four iPhones seized by the Government in connection with his criminal prosecution. ECF No. 109. The Government opposes the motion on the ground that the devices must be surrendered to Israeli authorities pursuant to the extradition treaty between the United States and Israel. ECF Nos. 117, 120. For the reasons set forth below, Defendant's motion is DENIED.

The Second Circuit has long held that district courts should treat a motion for return of property under Rule 41(g), when made after the conclusion of criminal proceedings, as a civil action in equity. *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 394 (2d Cir. 2023) (citation omitted). "[O]nce the criminal proceeding is completed, there is a presumption that non-contraband property should be returned to its owner and, thus, the evidentiary burden under Rule 41(g) shifts to the government to demonstrate that it has a 'legitimate reason' for retaining the seized property." *Id.* at 396 (quoting *Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002)). Thus, a defendant's right to the return of lawfully seized property is "subject to the government's legitimate continuing interest in that property." *Id.* (quoting *Lavin*, 299 F.3d at 129).

Here, Defendant's criminal proceeding has concluded. ECF No. 118. But on June 23, 2025, Defendant was certified as extraditable under the extradition treaty between the United States and Israel. *United States v. Hiya*, 25 Cv. 5712 (JAV), 2026 WL 1864974, at *1 (S.D.N.Y. June 29, 2026).

Article XVI of the Extradition Treaty between the United States and Israel provides, subject to certain qualifications, that "all articles acquired as a result of the offense or which may be required as evidence shall, if found, be surrendered if extradition is granted." Convention on Extradition Between the Government of the United States of America and the Government of the State of Israel, U.S.-Isr., Dec. 10, 1962, 14 U.S.T. 1707, art. XVI. The Government represents that this provision obligates the United States to retain Defendant's devices to surrender to the Israeli authorities upon his extradition. ECF No. 120 at 1-2.

The Court holds that this treaty obligation establishes the Government's legitimate continuing interest in retaining the devices and precludes their return to Defendant. Moreover, the Government has confirmed that the Under Secretary of State for Political Affairs authorized Defendant's extradition on November 5, 2026, and that Defendant "will be surrendered to Israel relatively soon, at which time his devices will also be surrendered." ECF No. 121 at 1. Accordingly, Defendant's motion for return of property is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 109.

SO ORDERED.

Dated: November 17, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge